### George H. Greene *vs.* Miles Washburn & others.

In an action against merchants to recover for services rendered by the plaintiff to them under a contract to act as buyer and salesman, to take the management of one department of their business, and to devote his time and attention to their service according to his best knowledge and ability, evidence is incompetent on the part of the defendants to show that he sold a far less amount of goods than the other salesmen in his department.

So if, in such action, the plaintiff has testified on cross-examination that the defendants did not at a particular time while he was in their employment state to him the amount of his sales and of those by the other salesmen, the defendants, after contradicting him in this respect, cannot be allowed to testify what they stated to him that the amount of his sales was.

So if, in such action, it has been shown that one of the defendants, in discharging the plaintiff from their service, gave to him as a reason for so doing that the firm had failed and were unable to go on in business, they cannot be allowed to testify what the reason was for discharging him.

CONTRACT to recover for services rendered under the following agreement:

" This agreement, made this eighth day of April, A. D. 1861, between Washburn, Foque & Co. of Boston, and George H. Greene, of Newton, witnesseth, that the said Greene, in consideration of the agreements of the said Washburn, Foque & Co., herein contained, agrees to serve them in the capacity of buyer and salesman, and to take the management of their woollen department for the term of three years from the above date, and devote his time and attention according to his best knowledge and ability to their service; in consideration whereof said Washburn, Foque & Co. agree to pay said Greene during said term as salary, for the first year sixteen hundred dollars, for the second year eighteen hundred dollars, the third year two thousand dollars. It is further agreed that this contract may be terminated on the first of January or July of each year by either party, who shall give three months' notice in writing."

At the trial in the superior court, before *Russell*, J., it ap peared that the defendants discharged the plaintiff from their employment on the 12th of August 1861, and afterwards compelled him to leave their store, though he offered to remain and tendered to them his services. The writ was dated January

20th 1862. The defendants introduced evidence tending to show that the plaintiff did not serve them faithfully, and offered to show that the amount of sales by him was far less than those by other salesmen in the same department; but this evidence was excluded. The plaintiff testified, on cross-examination, that the defendant Washburn did not in July 1861 state to him the amount of his sales and of those by other salesmen, or complain to him of the small amount of his sales. Washburn was then called on the part of the defendants, and was permitted to testify that he did state to the plaintiff in July 1861 the amount of his sales and of those by the other salesmen, and did complain to him of the small amount of his sales; but he was not allowed to testify what he stated to the plaintiff that the amount of his sales was. Another of the defendants, Foque, testified that he discharged the plaintiff, and that he gave to the plaintiff as a reason for so doing that the firm had failed and were unable to go on in business. The defendants' counsel then asked Washburn for what reason the plaintiff was discharged; but the evidence was excluded.

The jury returned a verdict for the plaintiff, for the full amount of his claim; and the defendants alleged exceptions.

*J. D. Ball*, for the defendants.

*H. C. Hutchins*, for the plaintiff.

METCALF, J. The plaintiff, in April 1861, agreed to serve the defendants for three years, for a stipulated salary, in the capacity of buyer and salesman, and to take the management of their woollen department, and devote his time and attention to their service, according to his best knowledge and ability. They discharged him from their service in the following August. In their answer they deny that he devoted his time and attention to their service according to his agreement. A jury has found that he did, and has returned a verdict for the amount of his claim. The defendants excepted to the exclusion of certain evidence which they offered at the trial.

The exception on which the defendants' counsel mainly relied was the exclusion of evidence that the plaintiff, while in their service, sold only a certain amount of merchandise, which was

far less than was sold by others whom they employed in the same department. But we are of opinion that evidence of this fact was not admissible on the trial of the question in issue, namely, whether the plaintiff devoted his time and attention to their service according to his best knowledge and ability. Its admission would necessarily have led to the trial of collateral questions, and to testimony as to the kinds of merchandise which he and others sold, and as to the time during which he was employed in buying goods and in managing the defendants' woollen department — these as well as the selling of merchandise being part of the service which he undertook to perform for them — and also to a comparison of the time employed by him with the time employed by others in their service, in the single business of selling. Mere proof that he, during a specified time, sold far less in amount than others sold would have had no legal tendency to show that he did not devote his time and attention to their service, according to the best of his knowledge and ability.

There are two sufficient reasons for the exclusion of Washburn's testimony that he stated to the plaintiff what was the amount of his sales and profits, and what was the amount of the sales and profits of others. First, the testimony which Washburn was permitted to give on that matter was in itself irrelevant and inadmissible; and so would have been any further particulars concerning it. Secondly, both the testimony which was received and that which was rejected were offered for the purpose of contradicting the testimony of the plaintiff, on cross-examination, concerning the same collateral and immaterial matter; and this the law does not permit. No rule of evidence is more firmly settled.

We think that Washburn was rightly refused permission to state the reason why the defendants discharged the plaintiff from their service. The motive which actually caused them to do this was immaterial, if they had a justifiable cause for doing it. And that was to be determined by the jury, on all the evidence before them. Testimony that the defendants dismissed the plaintiff on the charge that he had broken his engagement

would not have been legal evidence that he had broken it, nor would it have strengthened the other evidence which they had introduced in their defence. And taking the whole of Foque's testimony, it furnished no ground for suspicion that the plaintiff was really dismissed for any other cause than an alleged breach of his agreement. There was nothing in it which the offered testimony of Washburn would have rebutted.

*Exceptions overruled.*